IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMBIMJB, LLC,                         *

    Plaintiff,                       *

v.                                   *

                                       CIVIL NO. JKB-20-807

STRATEGIC ARMORY CORPS, LLC,         *

    Defendant.                       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM

Now pending before the Court are Plaintiff AMBIMJB, LLC's Motion for Leave to File Amended Complaint (ECF No. 24), Plaintiff's Motion to Compel Discovery (ECF No. 27), and Defendant Strategic Armory Corps, LLC's Motion for Leave to Take Deposition Outside Fact Discovery Period (ECF No. 28). No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will: (1) grant Plaintiff leave to file an Amended Complaint; (2) grant Plaintiff's motion to compel as it relates to defense expert David Lauck but deny the motion as it relates to Defendant's corporate designee witnesses; and (3) deny Defendant's motion.

### I.     *Background*

Plaintiff is a Maryland limited liability company that "designs, develops, manufactures, and creates engineering solutions for firearms and accessories." (Compl. ¶ 2, ECF No. 2.) Defendant is a Delaware corporation that "designs, manufactures, and sells firearms and related components." (Counterclaim ¶ 1, ECF No. 7.) On November 14, 2017, the U.S. Patent and Trademark Office issued Plaintiff U.S. Letters Patent No. 9,816,769 (the "769 Patent") for a gas piston firearm system and method invented by Plaintiff. (Counterclaim ¶ 5.) On August 24, 2018,

Plaintiff and Defendant executed a Patent Purchase Agreement (the "Agreement") wherein Plaintiff agreed to assign and transfer the 769 Patent to Defendant, and in return, Defendant agreed to pay Plaintiff $2,500,000 in twenty-five monthly installments of $100,000. (Agreement, Compl. Ex. A, ECF No. 2.) Defendant planned to incorporate the patented technology into its rifles. (Counterclaim ¶ 12.)

Despite significant efforts from both Defendant and Plaintiff, Defendant was unable to engineer the patented gas piston system to work with its rifles. (*Id.* ¶¶ 14–15.) After making eleven of the monthly payments of $100,000 due under the Agreement, Defendant stopped making payments, arguing that the incompatibility of the 769 Patent and its rifles rendered the Agreement void. (*Id.*) Plaintiff sued for breach of contract and unjust enrichment on August 23, 2019, seeking contractual damages of $1,400,000. (Compl.) Defendant countersued, challenging the enforceability of the Agreement on a variety of grounds, including that the 769 Patent is invalid. (Counterclaim ¶¶ 46–52.) Defendant then removed the case to this Court on March 27, 2020. (Not. Removal, ECF No. 1.)

In April 2020, the Court held a scheduling conference in this matter. (ECF No. 16.) Despite the disruption occasioned by the ongoing COVID-19 pandemic, the parties elected to proceed with a relatively condensed discovery period, and the Court entered a Scheduling Order that set the discovery deadline as August 14, 2020 and required the parties to serve all discovery requests in time to assure responses before that deadline. (ECF No. 20.)

On July 16, 2020, Plaintiff moved to amend its complaint. (Mot. Amend, ECF No. 24.) Most of the proposed amendments involved relatively minor changes reflecting the case's removal to federal court. (Proposed Am. Compl., Mot. Amend Ex. 1, ECF No. 24-1.) Plaintiff also sought to reduce its contract damages claim from $1,400,000 to $1,200,000, to reflect that the last two

payments of $100,000 allegedly owing under the Agreement had not yet come due. (*Id.*) Plaintiff further requested leave to "continue to amend its Complaint as subsequent installments become due and owing." (Mot. Amend at 6.) Defendant did not oppose the motion.

On August 14, 2020, the parties filed a joint status report (ECF No. 26), as required by the Scheduling Order. Later that day, Plaintiff filed a motion to compel, seeking an order requiring Defendant to: (1) provide Plaintiff the opportunity to take additional depositions of corporate designees pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and (2) provide Plaintiff the opportunity to depose defense expert David Lauck. (Mot. Compel, ECF No. 27.) That same day, Defendant filed its own motion, seeking leave to serve a subpoena on a third party to explore a new defense theory relating to Plaintiff's ownership of the 769 Patent. (Mot. Depose, ECF No. 28.) Each party opposed the other's motion.

On September 18, 2020, the Court extended the deadline for Plaintiff's forthcoming motion for summary judgment from September 21, 2020 to October 22, 2020, in order to provide Plaintiff the opportunity to depose Mr. Lauck before filing its dispositive motion. (Order, ECF No. 37.) The Court noted that a memorandum and order deciding the pending motions would be forthcoming. (*Id.*)

## II.    *Motion for Leave to Amend Complaint*

Plaintiff's motion for leave to amend will be granted, and Plaintiff will be permitted to amend its Complaint once. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court "should freely give leave" to amend a complaint whenever "justice so requires." Plaintiff's motion is unopposed, and Plaintiff's proposed amendments are unobjectionable. Since two months have passed since Plaintiff filed its motion, and the final two installment payments allegedly required

3

under the Agreement have come due,[1] the Court will grant Plaintiff leave to file one amended pleading incorporating the changes included in its proposed Amended Complaint and stating the full amount it alleges is due under the Agreement.

### III.    Plaintiff's Motion to Compel

Plaintiff's motion to compel will be denied as to Defendant's corporate designees, but granted as to Mr. Lauck.  Regarding the corporate designee witnesses, Plaintiff complains that Defendant's corporate designees were unprepared to answer questions related to certain designated topics during their depositions and seeks an order compelling Defendant to provide a replacement designee for an additional deposition.  Ignoring the timing of this request, its core deficiency is that Plaintiff provides no evidence in support of its claim that Defendant's corporate designees were unprepared.  Plaintiff attaches as exhibits to its motion email exchanges in which Plaintiff's counsel alleged and Defendant's counsel denied that the witnesses were unprepared.  But Plaintiff has not attached any deposition testimony, nor provided the Court any means of substantiating its allegations.  "Without complete information and[] context . . . the Court cannot determine whether the responses were so insufficient as to show improper preparation in violation of Federal Rule of Civil Procedure 30(b)(6)," and as such, "[i]t would be inappropriate to order re-deposition on the basis of Plaintiff's characterization and summary of the witnesses' testimony." *Warner v. Cellco P'ship*, Civ. No. ELH-13-3100, 2016 WL 258342, at *2 (D. Md. Jan. 20, 2016).  Accordingly, Plaintiff's motion will be denied as to the request for an additional Rule 30(b)(6) deposition.

However, Plaintiff's motion will be granted as to Mr. Lauck.  Rule 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Though Defendant has explained that Mr. Lauck has been unable to sit for

---

[1] The Court makes no determination at this stage as to whether the Agreement is enforceable.

a deposition because he is recovering from a surgery, that does not change the fact that Defendant had an obligation to either: (1) make Mr. Lauck available for deposition before the close of the discovery period, or (2) seek an extension of the discovery period from the Court.[2] As set forth in the Court's September 18, 2020 Order (ECF No. 37), the Court will provide an extension of the discovery period until October 15, 2020 solely as to the deposition of Mr. Lauck and compel Defendant to make Mr. Lauck available for a deposition on or before that date. If Mr. Lauck's health will make a deposition impossible before October 15, 2020, but Defendant still intends to use his testimony, it is Defendant's obligation to request a further extension.

### IV. *Defendant's Motion for Leave to Take Deposition*

Defendant's motion will be denied. Though it is a relatively close call, the Court finds that Defendant has not shown good cause supporting its request.

According to Defendant, during the August 11, 2020 deposition of Plaintiff's President, Michael Brown, Mr. Brown disclosed, for the first time, that a third party not involved in this case may have rights to the 769 Patent. (Mot. Depose, at 1–2.) Specifically, Mr. Brown disclosed that, prior to filing its application for the 769 Patent on October 25, 2016, Plaintiff had provided contract services to Archon Firearms ("Archon"), including in relation to the development of a gas piston system from 2013 to 2015. (Brown. Depo. at 47–59, ECF No. 29-1.) Though Brown testified without contradiction that Plaintiff has no written agreement with Archon and that Archon had no role in the 769 Patent, he also stated that Archon retained ownership of any intellectual property Plaintiff created for Archon. (*Id.*) Defendant argues that if Archon owns intellectual property Plaintiff developed for Archon, and Plaintiff worked on a gas piston system for Archon from 2013–

---

[2] The Court understands that the parties were in communication regarding Mr. Lauck's deposition and that they discussed taking his deposition after the close of discovery. Nevertheless, the Court's Scheduling Orders are not subject to amendment by agreement of the parties, and may be amended only by the Court.

2015, it can be surmised that Archon may be entitled to ownership of the 769 Patent. Defendant further posits that Archon's potential ownership may undermine the validity of Plaintiff's assignment of the 769 Patent to Defendant and therefore bear on the enforceability of the Agreement.

In order to explore this theory, Defendant asks that the Court allow it to subpoena Archon. Defendant attaches as an exhibit to its motion an expansive proposed subpoena that would require Archon to designate a representative for deposition and produce a wide range of documents, including "all Documents, internal and external, concerning AMBI." (Proposed Subpoena, Mot. Depose Ex. 1, ECF No. 28.) Plaintiff opposes the motion, arguing that Defendant has failed to show good cause for the post-discovery subpoena, because: (1) it was Defendant's decision to wait until August 11 to take Brown's deposition, and therefore it is Defendant's fault that it did not discover Plaintiff's relationship with Archon until three days before the close of discovery; (2) Archon has never claimed any interest in the 769 Patent, which is registered as Plaintiff's invention; and (3) there is no written agreement between Archon and Plaintiff that could provide Archon such a claim under governing law. (Opp'n to Mot. Depose, ECF No. 31.) Defendant counters that it served discovery requests that could have elicited information about Archon earlier in the discovery period, and that even if Archon has no written contract and has never claimed an interest in the 769 Patent, Archon may still have an unclaimed ownership interest in the 769 Patent. (Reply Mem. Supp. Mot. Depose, ECF No. 36.)

Under Rule 16(b)(4) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." When analyzing whether good cause exists, courts generally weigh "the danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant

6

acted in good faith." *Tawwaab v. Virginia Linen Serv., Inc.*, 729 F. Supp 2d 757, 768–69 (D. Md.

2010) (quoting *Rothenberg v. Marriott Int'l, Inc.*, Civ. No. CCB-08-173, 2008 WL 687033, at *1

(D. Md. Feb. 29, 2008)).

Here, Defendant has not shown good cause. It is possible the information sought by

Defendant could bear some relevance to this dispute, such that it may meet the standard for

discoverability established by the Federal Rules of Civil Procedure. Had Defendant sought to

serve its subpoena prior to the close of the discovery period, the Court would likely have enforced

a limited version, following the near-certain motion to quash. But that is not the situation here.

Instead, Defendant made its motion on the day discovery closed. As of this writing, discovery has

been closed for over a month. Given the scope of Defendant's proposed subpoena and Plaintiff's

opposition to Defendant's motion, it seems very likely that the Court would need to decide a

motion to quash before the deposition could take place. The summary judgment deadline, which

has already been delayed due to the incapacity of Defendant's expert, would need to be pushed

back still further.

In light of this delay, the Court finds that the justification provided by Defendant for

authorizing the late subpoena—that it would allow Defendant to explore Archon's potential

ownership of the 769 Patent—does not constitute a sufficiently compelling reason for the Court to

find "good cause." The Court finds three factors particularly persuasive: (1) there is no evidence

that Archon has ever laid any claim to the 769 Patent; (2) the evidence before the Court indicates

that Plaintiff's work on Archon's gas piston system had concluded before Plaintiff began to

develop the 769 Patent; and (3) the evidence reflects that there is no written contract between

Archon and Plaintiff, and patent law "requires that all assignments of patent interest[s] be in

writing." *Realvirt, LLC v. Lee*, 195 F. Supp. 3d 847, 859 (E.D. Va. 2016) (alterations in original)

(quoting *Sky Techs. LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009)), *aff'd sub nom. Realvirt, LLC v. Iancu*, 734 F. App'x 755 (Fed. Cir. 2018). In light of these considerations, the Court finds that it is very unlikely that Defendant's proposed subpoena would result in the discovery of information that would draw into question Plaintiff's ownership of the 769 Patent or have any real bearing on this dispute. Therefore, pursuant to Rule 16(b)(4), the Court denies Defendant's motion.

## V.   *Conclusion*

For the foregoing reasons, an order shall enter: (1) granting Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 24); (2) granting in part and denying in part Plaintiff's Motion to Compel Discovery (ECF No. 27); and (3) denying Defendant's Motion for Leave to Take Deposition Outside Fact Discovery Period (ECF No. 28).

DATED this $\underline{2\mathcal{B}}$ th day of September, 2020.

BY THE COURT:

James K. Bredar
Chief Judge