# EXHIBIT 2

| | | |
|---|---|---|
| AMBIMJB, LLC | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| STRATEGIC ARMORY CORPS, LLC | * | BALTIMORE COUNTY, |
| Defendant | * | MARYLAND |
| | * | |
| | * | CASE NO.: C-03-CV-19-003075 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff AMBIMJB, LLC, ("Plaintiff"), pursuant to Maryland Rule 2-421, submits the following Objections and Answers to Defendant Strategic Armory Corps, LLC, ("Defendant") First Set of Interrogatories.

### Preliminary Statement and Reservation of Rights

Plaintiff has not completed its investigation of this case, has not completed discovery, and has not completed preparation for trial. As discovery proceeds, responsive facts, information, evidence, documents, and things may be discovered that are not set forth in Plaintiff's objections and responses to Defendant's First Set of Interrogatories. The responses therefore are based on Plaintiff's best information, known, available, and located at this time. The responses are given without prejudice to the right of Plaintiff to produce evidence of any subsequently discovered fact or facts that Plaintiff

KELLY|DORSEY, P.C.
10320 Little Patuxent Pkwy, Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 · Fax: (443) 542-0069
www.kellydorseylaw.com

Patent in Defendant's products.  Additionally, the Agreement itself does not speak to "the applicability or potential incorporation" of the '769 Patent in any of Defendant's products.

6.  Describe with specificity all facts and circumstances supporting your allegation in Paragraph 10 of the Complaint that SAC represented to you that it expected to make payment in full of the entire amount identified in the Patent Purchase Agreement by the end of the first quarter of 2019, including in your answer, the identity of SAC's representative who allegedly made this representation, the date such representation was made, the identity of any individuals who witnessed or heard such representation being made, and the circumstances surrounding this representation.

**ANSWER:** On or about August 25, 2018, after the Agreement was executed, Jason Kalua stated to Michael J. Brown that although the Agreement provides for twenty-five (25) monthly payments, Defendant would pay off this debt in the first quarter of 2019.

7.  Describe with specificity all facts and circumstances supporting your allegation in Paragraph 13 of the Complaint that SAC repeatedly requested that Plaintiff provide additional engineering and consulting services in connection with Defendant's use and integration of the invention claimed in the '769 patent, including in your answer the identity of the representative making such requests, the date such requests were made, the identity of any witnesses to such requests, and the nature and circumstances underlying such requests.

**ANSWER:** On numerous occasions, Defendant's representatives, including Jose Augusto and Jason Kalua, asked Michael J. Brown to assist with Defendant's production relating to certain products.  For example, by text message, Mr. Kalua stated: "Your first payment was done today.  All other payments are on the 15th

of each month.  Can you be out here next Monday?"  When Mr. Brown asked Mr. Kalua

how long he wanted Mr. Brown to stay in Arizona to assist at Defendant's facilities, Mr.

Kalua stated "[a]t least 2 weeks."

Mr. Brown also received a text message from Jack Oliver, stating that Mr.

Augusto "wants [Defendant] to ask if [Mr. Brown] would change the system to better fit

our needs."  In response, Mr. Brown said that he would consider Defendant's request but

that "[c]hanging from the original design that was tested and proven was how we got to

this mess.  If I change things, it has to be understood that it CANNOT in anyway effect

the Patent Purchase Agreement (Contract).  I'm willing to help make the project

successful."  In response, Mr. Oliver stated that Mr. Augusto "says the payments will

continue as agreed and only wants us to address what is needed to change in the design."

As an additional example, by e-mail dated June 5, 2019, Mr. Augusto e-

mailed Mr. Oliver and other of Defendant's representatives and stated: "Jack, in

conversation with [Mr. Brown] last Monday, we did not understand the reason the piston

system was not yet in production. … I want this to be resolved as soon as possible.  …

[Mr. Brown] made himself available to help us get the piston system in production as fast

as possible."  In response, Mr. Oliver stated:  "I understand your frustration.  Mike and I

are communicating daily and will have this project back on track very soon."

As further evidenced in Plaintiff's document production, there are numerous instances where Defendant's representatives request that Mr. Brown provide Additional Services to assist Defendant in its production process.

8.  Identify each and every offer made by a third-party to acquire any rights in or to the '769 patent (whether by license, assignment, or otherwise) prior to entering into the Patent Purchase Agreement, including in your answer the identity of each third-party offering to acquire such rights, the terms under which such third-party offered to acquire such rights, any counter-demands made by you regarding the third-party's acquisition of such rights, and all facts and circumstances related to why such licensing or assignment of rights in and to the '769 patent did not occur.

    **ANSWER:** None.

9.  Describe with specificity all use of the invention claimed in the '769 patent by you, including in your answer the identity of all products licensed, sold, or otherwise distributed by you incorporating the invention claimed in the '769 patent, the dates such products were licensed, sold, or distributed, and the parties who purchased or licensed such products.

    **ANSWER:** Plaintiff only tested and displayed the product to Defendant.

10. Identify all revenue generated by or on behalf of you resulting from the license, sale, or distribution of products incorporating or adopting the invention claimed in the '769 patent.

    **ANSWER:** None.

11. Describe in detail all Additional Services you provided to SAC, including, but not limited to, the date that the Additional Services were requested and provided, the identity of the person making the request for Additional Services, the purpose of the Additional Services, a description of the Additional Services provided, and what you believe to be the monetary value of those Additional Services.

KELLY|DORSEY, P.C.

10320 Little Patuxent Pkwy., Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 · Fax: (443) 542-0069
www.kellydorseylaw.com

**ANSWER:**   Defendant requested numerous Additional Services from Plaintiff, both relating to products derived from the '769 Patent as well as other products produced by Defendant.  These services included, but are not limited to, the following:

- AR-15 Upper Receiver manufacturing process:  Plaintiff engineered and provided a detailed, step-by-step instruction on the manufacturing of AR-15 upper receivers.  Plaintiff formulated a cutting tool list, designed tombstones, sub plates, fixtures and hardware for CNC Horizontal milling machines.  Plaintiff also engineered prints, tools, fixtures and all hardware needed in furtherance of this effort.   These Additional Services provided by Plaintiff required approximately eight (8) weeks of Plaintiff's time at a cost of $150 per hour for forty (40) hours per week, for a total cost of $48,000.00.

- AR-10 Upper Receiver manufacturing process:  Plaintiff engineered and provided a detailed, step-by-step instruction on the manufacturing of AR-10 upper receivers.  Plaintiff formulated a cutting tool list, designed tombstones, sub plates, fixtures and hardware for CNC Horizontal milling machines.  Plaintiff also engineered prints, tools, fixtures and all hardware needed in furtherance of this effort.   These Additional Services provided by Plaintiff required approximately two (2) weeks of

KELLY|DORSEY, P.C.
10320 Little Patuxent Pkwy., Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 • Fax: (443) 542-0069
www.kellydorseylaw.com

Plaintiff's time at a cost of $150 per hour for forty (40) hours per week, for a total cost of $12,000.00.

- AR-15 Piston System manufacturing process: Plaintiff engineered and provided a detailed, step-by-step instruction on how to manufacture all AR-15 piston assembly components. Plaintiff formulated a cutting tool list, designed tombstones, sub plates, fixtures and hardware for CNC turning center. Plaintiff also engineered prints, tools, fixtures and all hardware needed in furtherance of this effort. These Additional Services provided by Plaintiff required approximately twelve (12) weeks of Plaintiff's time at a cost of $150 per hour for forty (40) hours per week, for a total cost of $72,000.00.

- AR-10 Piston System manufacturing process: Plaintiff engineered and provided a detailed, step-by-step instruction on how to manufacture all AR-10 piston assembly components. Plaintiff formulated a cutting tool list, designed tombstones, sub plates, fixtures and hardware for CNC Horizontal milling machines. Plaintiff also designed fixtures and hardware for the CNC turning center. Plaintiff also engineered prints, tools, fixtures and all other hardware needed in furtherance of this effort. These Additional Services provided by Plaintiff required

approximately two (2) weeks of Plaintiff's time at a cost of $150 per hour for forty (40) hours per week, for a total cost of $12,000.00.

- Cleaning Kits for AR-15 and AR-10 Piston Systems:  Plaintiff designed a process for cleaning and maintaining the AR-15 and AR-10 piston systems.  This included designing all of the cleaning components and engineering prints for the components.   These Additional Services provided by Plaintiff required approximately one (1) week of Plaintiff's time at a cost of $150 per hour for forty (40) hours per week, for a total cost of $6,000.00.

- Created a User Manual for Plaintiff's Gas Piston System:   Plaintiff created a user manual for Defendant relating to Plaintiff's Gas Piston System.   These Additional Services provided by Plaintiff required approximately four (4) weeks of Plaintiff's time at a cost of $150 per hour for forty (40) hours per week, for a total cost of $24,000.00.

- AR-15 Piston System Hand Guard:  Plaintiff designed a process for cleaning and maintaining the AR-15 piston system hand guard.  This included designing all of the cleaning components and engineering prints for the components.   These Additional Services provided by Plaintiff required approximately two (2) weeks of Plaintiff's time at a

KELLY|DORSEY, P.C.
10320 Little Patuxent Pkwy., Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 • Fax: (443) 542-0069
www.kellydorseylaw.com

cost of $150 per hour for forty (40) hours per week, for a total cost of $12,000.00.

- AR-15 Scaled-down Piston System, including two-piece bolt carriers: Plaintiff engineered prints, tools, fixtures and all hardware relating to these Additional Services.   Plaintiff also manufactured 3 sample prototypes for Defendant and tested the prototypes.  These Additional Services provided by Plaintiff required approximately six (6) weeks of Plaintiff's time at a cost of $150 per hour for forty (40) hours per week, for a total cost of $36,000.00.

In further support, Plaintiff states that on June 1, 2019, Mr. Brown received an e-mail from Mr. Augusto stating that Defendant was still having issues with production.  On June 3, 2019, Mr. Brown had a Skype call with Mr. Augusto, Mr. Mello and Mr. Ancona.  During that call, Mr. Brown was asked to go to Defendant's facilities and assist with their production process.  Subsequently, at Defendant's request, Plaintiff provided certain Additional Services, including: i) on June 4, 2019, Plaintiff delivered a rail / hand guard and barrel nut package to help with Defendant's production; and ii) on June 5, 2019, Plaintiff delivered an AR-10 (.308) piston design and bolt carrier design package.

12. Describe in detail all analysis or investigation conducted by you and/or SAC relating to the incorporation of the invention claimed in the '769 patent into firearm products to be sold by SAC, including in your answer, the identity of the individuals conducting such analysis or investigation, the dates on which

KELLY|DORSEY, P.C.

10320 Little Patuxent Pkwy., Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 · Fax: (443) 542-0069
www.kellydorseylaw.com

messages from Jason Kalua to Michael Jay Brown.  In one message exchange, Mr. Kalua communicated to Mr. Brown "if you take the 2.5 we will sign today," to which Mr. Brown replied "Yes! 2.5 is fine!  I just want the guarantee and I'm good.  100k per month until paid off.  Let me know when it's signed and complete so I can breathe.  Thank you Brother!"  In response, Mr. Kalua stated: "Done.  Absolutely!  You will have the guarantee today before we close. … Congratulations Brother."   In further support, Plaintiff references the communications between the parties produced in Plaintiff's document production.

14. Describe with specificity all facts and circumstances supporting any contention you may have that the amounts invoiced for the Additional Services were fair and reasonable.

**ANSWER:**   As noted in Plaintiff's Answer to Interrogatory No. 7 and Plaintiff's document production, Defendant repeatedly requested that Mr. Brown specifically provide Additional Services and assist Defendant with its production process.  Mr. Brown has intimate knowledge of matters relating to the '769 Patent and extensive general knowledge in areas relating to Defendant's production process, which is the reason Defendant specifically sought Additional Services from Plaintiff.

15. Identify each and every communication between you and Defendant which in anyway concerns the '769 patent, the Patent Purchase Agreement, the Patent Assignment, Additional Services, the current dispute between the Parties, or this litigation.

KELLY|DORSEY, P.C.

10320 Little Patuxent Pkwy., Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 • Fax: (443) 542-0069
www.kellydorseylaw.com

**ANSWER:**  Plaintiff objects to Defendant's Interrogatory No. 15 as it is vague and overbroad both as to the lack of specificity with respect to requested communications and lack of temporal scope or limit.  It is impossible for Plaintiff to recall "each and every communication" with Defendant. Without waiving said objection, Plaintiff refers Defendant to Plaintiff's responses to Defendant's request for production of documents from which Defendant can identify all such communications. Additionally, Plaintiff recalls that Michael J. Brown had a telephone conference with Jose Augusto, wherein Mr. Augusto admitted that Defendant's failure to make payment due and owing to Plaintiff under the Agreement was not the fault of Plaintiff.

16. Identify each and every prior art reference of which you are aware regarding the '769 patent or the invention claimed therein, including in your answer the date on which you first became of each such prior art reference and the circumstances surrounding you becoming aware of each such prior art reference.

**ANSWER:**  Objection: Plaintiff engaged patent counsel to prosecute the claimed invention and relies on contents of the prosecution file of record with the United States Patent and Trademark office. Without waiving said objection, upon information and belief, the prior art references include:

- Patent No. 1,907,164 (patented May 2, 1933)

- Patent No. 2,482,880 (patented September 27, 1949)

- Patent No. 2,900,878 (patented August 25, 1959)

- Patent No. 2,918,847 (patented December 29, 1959)

KELLY DORSEY, P.C.

10320 Little Patuxent Pkwy, Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 • Fax: (443) 542-0069
www.kellydorseylaw.com

## VERIFICATION

### AS TO THE ANSWERS ONLY:

Under the penalty of perjury, I hereby affirm that the foregoing answers are true

and correct to the best of my knowledge, information, and belief.

AMBIMJB, LLC

Dated: February _10_, 2020          By: _Michael J. Brown_

Michael J. Brown,
President

### AS TO THE OBJECTIONS ONLY:

KELLY | DORSEY, P.C.

Dated:February _10_, 2020          By: ___/s/ Gregory A. Dorsey___

Gregory A. Dorsey, Esquire
10320 Little Patuxent Parkway
Suite 608
Columbia, Maryland 21044
Phone: (410) 740-8750
Facsimile: (443) 542-0069

*Attorneys for Plaintiff*

KELLY|DORSEY, P.C.
10320 Little Patuxent Pkwy, Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 • Fax: (443) 542-0069
www.kellydorseylaw.com