**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| AMBIMJB, LLC, | * |
| | * |
| *Plaintiff/Counter-Defendant* | * |
| | *   Civil Case Number: 1:20-cv-00807-JKB |
| v. | * |
| | * |
| STRATEGIC ARMORY CORPS, LLC, | * |
| | * |
| *Defendant/Counter-Plaintiff* | * |

---

### PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR ENTRY OF FINAL JUDGMENT ON COUNT I (BREACH OF CONTRACT) OF PLAINTIFF'S SECOND AMENDED COMPLAINT, ENTRY OF FINAL JUDGMENT ON ALL COUNTS OF DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM, AND FOR AN AWARD OF PREJUDGMENT INTEREST

Comes now Plaintiff / Counter-Defendant AMBIMJB, LLC ("Plaintiff" or "AMBI"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 54(b), and hereby moves for entry of final judgment on Count I (Breach of Contract) of its Second Amended Complaint (ECF No. 42), entry of a final judgment on all counts of Defendant/Counter-Plaintiff's Counterclaim (ECF No. 1-10), and for an award of prejudgment interest, for the reasons that follow:

1. Plaintiff sued Defendant Strategic Armory Corps, LLC for breach of a Patent Purchase Agreement executed on August 24, 2018 (the "Agreement") and unjust enrichment. In response, Defendant filed five contract-based counterclaims seeking rescission of the Agreement. By Order entered March 12, 2021 (ECF No. 56), this Court granted Plaintiff's Motion for Summary Judgment (ECF No. 43) and denied Defendant's Cross-Motion for Summary Judgment (ECF No. 41), leaving Plaintiff's unjust enrichment claim as the sole remaining cause of action for adjudication.

2.   The parties appeared before Magistrate Judge Copperthite on July 29, 2021, for a second settlement conference, but were unable to reach an amicable resolution.

3.   Plaintiff now moves for entry of final judgment as to Count I (Breach of Contract) of its Second Amended Complaint (ECF No. 42) in the amount of One Million Four Hundred Thousand and 00/100 Dollars ($1,400,000), plus prejudgment interest of One Hundred Eight Thousand Three Hundred Twenty-Eight and 77/100 Dollars ($108,328.77), as detailed below.[1] [2] Plaintiff also moves for entry of final judgment as to all counts in Defendant/Counter-Plaintiff's Counterclaim (ECF No. 1-10).

4.   Fed. R. Civ. P. 54 provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

5.   This Court has held, "[i]n deciding a motion brought pursuant to Rule 54(b), the Court must consider first whether the judgment is in fact final; and second, whether 'there is no just reason for delay.' A judgment is final if it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *BRC Uluslararasi Taahut v. Ticaret A.S.*, 8:19-CV-00771-PX, 2020 WL 6801933, at *10 (D. Md. Nov. 19, 2020) (internal citations omitted).

6.   Here, the Court's ruling on summary judgment (ECF No. 56) is the ultimate disposition of the breach of contract claim Plaintiff asserted against Defendant in Plaintiff's Second Amended Complaint (ECF No. 42), and the five contract-based counterclaims Defendant filed against

KELLY|DORSEY, P.C.
10320 Little Patuxent Pkwy, Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 • Fax: (443) 542-0069
www.kellydorseylaw.com

---

[1] The prejudgment interest calculation accounts through August 2, 2021.

[2] Plaintiff reserves all rights to seek attorney's fees, nontaxable expenses, and costs as determined by subsequent motion pursuant to Fed. R. Civ. P. 54(d)(2) and L.R. 109.

Plaintiff in its counterclaim (ECF No. 1-10). As to the claims and counterclaims resolved by way of summary judgment, there is nothing further for this Court to consider or decide before it may direct an entry of final judgment.

7.   As to whether "no just reason" exists for delay, the Fourth Circuit directs this Court to consider several factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.*

8.   In this case, while the adjudicated and unadjudicated claims arise from the same business relationship between Plaintiff and Defendant, this Court has repeatedly demonstrated its wherewithal to distill facts underpinning that relationship as they may bear upon the resolved contract claims – money due and owing under an express contract – and unresolved unjust enrichment claim – money due and owing for services rendered at the request of Defendant. The legal issues are also separate and distinct.

9.   Indeed, in explaining its rationale for denying Defendant's Motion for Summary Judgment as to Plaintiff's unjust enrichment claim (ECF No. 49), this Court concluded "a dispute of material fact exists as to whether Brown intended to provide the engineering services in an affirmatively voluntary fashion, or instead provided services at the request of SAC." (ECF No. 55 at 21-22). A reviewing court would certainly have the same aptitude.

10. What's more, Defendant ceased making payments to Plaintiff on August 15, 2019, leaving $1,400,000 of the total purchase price unpaid. (ECF No. 42 ¶¶ 17-18). It took over a year

KELLY|DORSEY, P.C.

10320 Little Patuxent Pkwy., Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 • Fax: (443) 542-0069
*www.kellydorseylaw.com*

and a half of hard fought and costly litigation for Plaintiff to prevail on summary judgment. Plaintiff now seeks to enforce and collect upon final judgment as to its breach of contract claim. Adjudication of Plaintiff's remaining unjust enrichment claim should not delay Plaintiff's enforcement and collection efforts as to the resolved claims; especially, where, as here, trial on Plaintiff's unjust enrichment claim has not been scheduled.

11. In addition to the principal sum of $1,400,000 due on its breach of contract claim, Plaintiff is also due prejudgment interest calculated from the date each $100,000 monthly installment should have been paid by Defendant to Plaintiff, namely, from August 15, 2019, through July 15, 2020.

12. In Maryland, "prejudgment interest is allowed as a matter of right when the obligation to pay and the amount due [have] become certain, definite, and liquidated by a specific date prior to judgment so that the effect of the debtor's withholding payment was to deprive the creditor of the use of a fixed amount as of a known date" *Baltimore County, Maryland v. Aecom Services, Inc.*, 200 Md. App. 380, 424, 28 A.3d 11, 37 (2011) (citing *Buxton v. Buxton*, 363 Md. 634, 656–57, 770 A.2d 152 (2001)); *Imgarten v. Bellboy Corp.*, 383 F. Supp. 2d 825, 847, 2005 WL 1961323 (D. Md. 2005) (noting prejudgment interest is available "as a matter of right" in cases involving liquidated claims).

13. The table below shows each month the monthly installment under the Agreement was due and the amount of interest due from the monthly installment due date to August 2, 2021:

| Patent Purchase Agreement Monthly Installment Due Date | Days Between Due Date and August 2, 2021 | Interest Due at 6% Per Annum[3] |
|---|---|---|
| August 15, 2019 | 706 | $11,605.48 |
| September 15, 2019 | 687 | $11,293.15 |

---

[3] "The Legal Rate of Interest shall be Six per cent. per annum; unless otherwise provided by the General Assembly." Md. Const. art. III, § 57

KELLY | DORSEY, P.C.
10320 Little Patuxent Pkwy, Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 · Fax: (443) 542-0069
www.kellydorseylaw.com

4

| Patent Purchase Agreement Monthly Installment Due Date | Days Between Due Date and August 2, 2021 | Interest Due at 6% Per Annum[3] |
|---|---|---|
| October 15, 2019 | 657 | $10,800.00 |
| November 15, 2019 | 626 | $10,290.41 |
| December 15, 2019 | 596 | $9,797.26 |
| January 15, 2020 | 565 | $9,287.67 |
| February 15, 2020 | 534 | $8,778.08 |
| March 15, 2020 | 505 | $8,301.37 |
| April 15, 2020 | 474 | $7,791.78 |
| May 15, 2020 | 444 | $7,298.63 |
| June 15, 2020 | 413 | $6,789.04 |
| July 15, 2020 | 383 | $6,295.89 |
| | Total Interest Due: | $108,328.80 |

14. For the foregoing reasons, entry of final judgment as to Count I (Breach of Contract) of Plaintiff's Second Amended Complaint in favor of Plaintiff and against Defendant is warranted.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Grant Plaintiff's Motion for Entry of Final Judgment;

b. Enter final judgment as to Count I (Breach of Contract) of Plaintiff's Second Amended Complaint in favor of Plaintiff and against Defendant in the principal amount of One Million Four Hundred Thousand and 00/100 Dollars ($1,400,000), plus prejudgment interest of One Hundred Eight Thousand Three Hundred Twenty-Eight and 77/100 Dollars ($108,328.77);

c. Enter final judgment as to all counts in Defendant/Counter-Plaintiff's Counterclaim in favor of Plaintiff and against Defendant; and

d. Grant such other and further relief as Plaintiff's cause may require.

KELLY DORSEY, P.C.
10320 Little Patuxent Pkwy, Suite 608
Columbia, Maryland 21044
Tel: (410) 740-8750 · Fax: (443) 542-0069
www.kellydorsey.com

Respectfully submitted,

KELLY DORSEY, P.C.

Dated: August 2, 2021                    By: */s/ Gregory A. Dorsey*
                                         Gregory A. Dorsey
                                         Federal Bar No. 25218
                                         Syed Shaun A. Bokhari
                                         Federal Bar No. 30161
                                         10320 Little Patuxent Parkway, Suite 608
                                         Columbia, Maryland 21044
                                         Telephone: (410) 740-8750
                                         Facsimile: (443) 542-0069
                                         *gdorsey@kellydorseylaw.com*
                                         *sbokhari@kellydorseylaw.com*

                                         *Attorneys for AMBIMJB, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on August 2, 2021 via the Court's electronic

filing system upon:

Steven E. Tiller
*stiller@wtplaw.com*
Timothy R. Willman
*twillman@wtplaw.com*
WHITEFORD, TAYLOR & PRESTON, L.L.P.
7 Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
(410) 347-8700

*Attorneys for Strategic Armory Corps, L.L.C.*

                                         */s/ Gregory A. Dorsey*

6