IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMBIMJB, LLC | * | |
|     Plaintiff | * | |
| v. | * | Case No.: 1:20-cv-00807-JKB |
| STRATEGIC ARMORY CORPS, LLC, | * | |
|     Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT STRATEGIC ARMORY CORPS' OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ON COUNT I (BREACH OF CONTRACT) OF PLAINTIFF'S SECOND AMENDED COMPLAINT, ENTRY OF FINAL JUDGMENT ON ALL COUNTS OF DEFENDANT/COUNTER-PLAINTIFF'S COUNTERCLAIM, AND FOR AN AWARD OF PREJUDGEMENT INTEREST**

Defendant Strategic Armory Corps, LLC ("SAC"), by its undersigned counsel, respectfully submits this Opposition to Plaintiff's Motion for Entry of Final Judgment on Count I (Breach of Contract) of Plaintiff's Second Amended Complaint, Entry of Final Judgment on all Counts of Defendant/Counter-Plaintiff''s Counterclaim, and for an Award of Prejudgment Interest ("Motion for Entry of Final Judgment") filed by Plaintiff AMBIMJB, LLC ("AMBI"), and in support thereof, states:

## I.    INTRODUCTION

AMBI, after being granted summary judgment on one of the two counts it brought in this litigation, now urges this Court to enter final judgment on Count I (Breach of Contract), while Count II (Unjust Enrichment) remains pending. Notwithstanding a complete dearth of support, AMBI attempts to fragment this proceeding and create a scenario which will certainly result in piecemeal litigation. As elaborated below, no compelling reasons exist to grant the extraordinary

remedy contemplated in Federal Rule of Civil Procedure 54(b), and this Court should decline AMBI's invitation to depart from the norm and certify the judgment entered in Count I as final.

## II.     RELEVANT FACTUAL BACKGROUND

This action arises from an August 24, 2018 Agreement between AMBI and SAC where SAC acquired the rights to a patent and invention claimed therein purportedly developed and owned by AMBI. The parties conducted discovery and submitted dispositive motions, with both parties submitting motions for summary judgment. On March, 11, 2021, this Court entered an Opinion (ECF No. 55) and Order (ECF No. 56) granting Plaintiff's Motion for Summary Judgment (ECF No. 43) on its breach of contract claim and denying SAC's Cross-Motion for Summary Judgment (ECF No. 49) on Plaintiff's unjust enrichment claim. As a result, Plaintiff's claim for unjust enrichment remains to be adjudicated.

On August 2, 2021, AMBI submitted its Motion for Entry of Final Judgment. ECF No. 67. In this motion, AMBI requests this Court to enter final judgment as to Count I (Breach of Contract) and as to all counts in SAC's Counterclaim in favor of AMBI, while Count II (Unjust Enrichment) remains unadjudicated. Additionally, AMBI's Motion for Entry of Final Judgment seeks prejudgment interest in the amount of $108,328.77.

For reasons discussed below, this Court should refuse to deviate from the norm and deny AMBI's Motion for Entry of Final Judgment.

## III.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all

2

> the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The Fourth Circuit has made clear that an entry of a final judgment under Rule 54(b) when less than all the claims have been adjudicated is not to be granted lightly. *See Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335-37 (4th Cir.1993) (noting that "it will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain contestants below."). Indeed, "[t]he chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit." *Id.* at 1335.

Certification under Rule 54(b) "is recognized as the exception, rather than the norm" and "should neither be granted routinely, nor as an accommodation to counsel." *Braswell Shipyards*, 2 F.3d at 1335 (internal citations omitted); *see also CapitalSource Fin., LLC v. Delco Oil, Inc.*, 608 F. Supp. 2d 655, 669 (D. Md. 2009) ("As the Supreme Court has cautioned, Rule 54(b) certification is not something to be granted lightly, but a remedy [that] should be reserved for the infrequent harsh case.") (brackets in original; internal quotations omitted).

Thus, the party seeking Rule 54(b) certification bears the burden of demonstrating "that the case warrants certification through a two part test." *Henson v. Santander Consumer USA, Inc.*, No. CIV.A. RDB-12-3519, 2015 WL 433475, at *3 (D. Md. Feb. 2, 2015), *aff'd*, 817 F.3d 131 (4th Cir. 2016), *aff'd*, 137 S. Ct. 1718, 198 L. Ed. 2d 177 (2017). First, the district court must ascertain whether the judgment in question is in fact final. *Id*. Second, the district court must expressly determine that there is no just reason for delay. *Id*. (stating "[t]his review is tilted from the start against fragmentation of appeals.") (internal quotations omitted). In undertaking this inquiry, a district court must consider five factors:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id*. (quoting *Braswell Shipyards*, 2 F.3d at 1335-36).

### IV.     ARGUMENT

AMBI has failed to meet its burden to demonstrate that this Court should fragment the claims in this litigation and enter final judgment as to Count I (Breach of Contract) and all of SAC's counterclaims in favor of AMBI while Count II (Unjust Enrichment) remains pending. In essence, AMBI is attempting to "have its cake and eat it too" by attempting to skirt the fact that it chose to bring two claims against SAC, and therefore, must wait until both claims are fully adjudicated before pursuing enforcement of a final judgment.

**A. There are no special or compelling circumstances to justify extraordinary relief under Rule 54(b).**

In its Motion for Entry of Final Judgment, AMBI conspicuously fails to support the second prong of the Rule 54(b) test, *i.e.,* that there is no just reason for delay. Rather, AMBI simply avoids this necessary element in its effort to convince the Court that piecemeal litigation is justified here. The fact of the matter is that just reasons for delaying certification of Count I as a final judgment exist and this Court should decline AMBI's invitation to deviate from the norm and bifurcate the claims in this litigation.

First, the parties to both the trial court and any appellate proceedings filed by SAC if the judgment as to Count I is finalized would be identical; militating against the use of Rule 54(b). *See Braswell Shipyards*, 2 F.3d 1331 at 1336 ("[W]e note that the fact the parties on appeal remain contestants below militates against the use of Rule 54(b)."). In addition to this, none of the relevant

4

factors outlined by the Fourth Circuit to support invoking Rule 54(b) are present here. AMBI's breach of contract and unjust enrichment claims arise out of a common nucleus of facts, *i.e.,* the parties' dealings before, during, and after entering into the Agreement. While the claims present slightly different questions of law, both claims seek the same form of relief, monetary damages, arising from the same relationship involving the same parties.

Should AMBI prevail on the unadjudicated unjust enrichment claim, SAC will be in the predicament courts seek to avoid by treating Rule 54(b) as the exception rather than the norm: SAC will be forced to pursue two separate appeals from a single matter with the same underlying fact pattern. Thus, granting AMBI's Motion for Entry of Final Judgment would defeat one of the primary purposes of Rule 54(b) because it will result in a strong likelihood of piecemeal appeals.[1] *See Costar Grp. Inc. v. LoopNet, Inc.*, 172 F. Supp. 2d 747, 750 (D. Md. 2001) (denying Rule 54(b)] motion "in line with the general policy of the court disfavoring piecemeal appeals[.]"); *accord CapitalSource Fin., LLC,* 608 F. Supp. 2d at 668 ("Because of the importance of preventing piecemeal appeals of a case …").

Additionally, AMBI has failed to allege, much less support any claim, that it would suffer undue hardship if final judgment is not entered on Count I prior to the resolution of Count II. As discussed above, Rule 54(b) allows Courts to provide relief to litigants that would suffer from undue hardship if final judgment is not entered on an adjudicated claim. *Braswell Shipyards*, *supra*. AMBI's Motion for Entry of Final Judgment does not allege that it will suffer from undue hardship if final judgment is not entered on Count I.

---

[1] The same result could potentially occur should SAC prevail at trial on Count II as AMBI could very well seek to overturn the ruling on appeal.

Further, AMBI's Motion for Entry of Final Judgment fails to support a finding that this is "the infrequent harsh case" that warrants Rule 54(b) certification. *CapitalSource Fin., LLC,* 608 F. Supp. 2d at 669. AMBI's conspicuous silence on these issues is no doubt attributable to the fact that no evidence exists that it will suffer any hardship if its motion is denied, nor are there any facts to support the notion that this is the "infrequent harsh case" that warrants certification. AMBI deliberately chose to bring two claims against SAC and now must wait for both claims to be fully adjudicated before obtaining a final judgment.

In sum, there is no reason for this Court to enter final judgment on Count I while Count II remains to be adjudicated, and AMBI. All relevant factors militate against granting AMBI's Motion for Entry of Final Judgment and AMBI has failed to meet its burden of proving otherwise.

## V.     CONCLUSION

For the reasons discussed above, Defendant Strategic Armory Corps, LLC respectfully requests that this Court deny Plaintiff AMBIMJB, LLC's Motion for Entry of Final Judgment on Count I (Breach of Contract) of Plaintiff's Second Amended Complaint, Entry of Final Judgment on all Counts of Defendant/Counter-Plaintiff's Counterclaim, and for an Award of Prejudgment Interest.

Date: August 16, 2021                                     Respectfully submitted,

/s/ Steven E. Tiller
Steven E. Tiller (Bar No. 11085)
Timothy R. Willman (Bar No. 21088)
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202-1636
stiller@wtplaw.com
twillman@wtplaw.com
(410) 347-9425
(410) 223-4325

*Attorneys for Strategic Armory Corp LLC*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify, that on this 16th day of August, 2021, the foregoing was served via the Court's CM/ECF filing system on:

>Gregory A. Dorsey, Esquire
>Kelly Dorsey, P.C.
>10320 Little Patuxent Parkway
>Suite 608
>Columbia, Maryland 21044
>gdorsey@kellydorseylaw.com
>
>*Attorneys for Plaintiff*

                                        /s/ Timothy R. Willman
                                        Timothy R. Willman