IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMBIMJB, LLC, | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. JKB-20-0807 |
| STRATEGIC ARMORY CORPS, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Currently pending before this Court are Plaintiff's Motion for Entry of Judgment under Rule 54(b) as to Count I of the First Amended Complaint ("FAC") (ECF No. 67), and Plaintiff's Motion for Voluntary Dismissal Without Prejudice of Count II of the FAC (ECF No. 71). The Court will first address Plaintiff's Motion for Voluntary Dismissal, as the disposition of that motion will largely moot Plaintiff's Motion for Entry of Judgment.

While the Parties agree to the dismissal of Count II, they dispute whether the Court should characterize that dismissal as with or without prejudice. (*Compare* ECF No. 71, *with* ECF No. 72.) Where there is no stipulation of dismissal, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, the Court concludes that it is unnecessary to depart from the baseline that "a dismissal under [41(a)(2)] is without prejudice." *Id.* Given that Plaintiff's voluntary dismissal immediately leads to a final judgment in this case, the preclusive effect of that dismissal is better determined by reference to preclusion principles associated with such judgments, i.e., *res judicata* rather than those that operate at the claim level. *See Providence Hall Assocs. Ltd. Part. v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 ("[A] final judgment on the merits of an action

1

precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). While the Court does not take a firm view on the preclusive effect of the final judgment in this case, it sees no reason to put a thumb on the scales against relitigating a claim which the Court did not decide on the merits. Accordingly, the Court grants Plaintiff's Motion for Voluntary Dismissal and dismisses Count II of the FAC without prejudice.

This disposition moots Plaintiff's Motion for Entry of Judgment under Rule 54(b). Fed. R. Civ. P. 54(b). That Rule permits the Court to enter judgment "as to one or more, but fewer than all, claims or parties [ ] if the court expressly determines that there is no just reason for delay." *Id.* This mechanism for entry of final judgment as to Count I or Defendant's counterclaims is no longer pertinent as Plaintiff's voluntary dismissal of Count II has disposed of the only other claim pending in this case. Thus, resort to Rule 54(b) for entry of final judgment is unnecessary and Plaintiff's Motion will be denied as moot.

The disposition of these two Motions leaves two matters to be resolved in this case. First, Plaintiff's Motion for Entry of Judgment requested $108,328.80 in prejudgment interest.[1] (ECF No. 67 at 4–5.) Second, Plaintiff's noted during the scheduling teleconference held on August 23, 2021, that they intended to move for attorney's fees in this case. Defendants have not expressed a definite opinion as to Plaintiff's entitlement or correct calculation of these additional sums. Accordingly, the Court will enter judgment as to the sum certain on Count I ($1,400,000)

---

[1] This calculation was based on a judgment entered August 2, 2021, the day Plaintiff's filed their Motion for Entry of Judgment.

2

and direct the Parties to submit filings regarding their views as to Plaintiff's entitlement to both prejudgment interest and attorney's fees. Therefore, it is ORDERED that:

1. Plaintiff's Motion for Voluntary Dismissal (ECF No. 71), is GRANTED, and Count II of the First Amended Complaint is dismissed without prejudice;

2. Plaintiff's Motion for Entry of Judgment Under Rule 54(b) (ECF No. 67), is DENIED as moot;

3. Plaintiff is DIRECTED to file briefing regarding their entitlement to prejudgment interest and attorney's fees consistent with the timing and contents for such a motion set out in Federal Rule of Civil Procedure 54(d)(2)(B); and

4. The Court enters judgment against Defendant and in favor of Plaintiff on Count I of the First Amended Complaint in the amount of $1,400,000 plus prejudgment interest and attorney's fees in an amount to be determined by a future Order.

DATED this 26 day of August, 2021.

BY THE COURT:

_/s/ James K. Bredar_

James K. Bredar
Chief Judge