IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| AMBIMJB, LLC, | * |
| Plaintiff, | * |
| v. | * |
| STRATEGIC ARMORY CORPS, LLC, | * |
| Defendant. | * |

CIVIL NO. JKB-20-807

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

This case arises from the sale of a patent (the "Brown Patent") and the non-payment of certain sums owed under the sales contract (the "Agreement") by Defendant Strategic Armory Corps., LLC ("SAC"). (*See* ECF No. 55 at 2–4.) On March 12, 2021, this Court granted summary judgment in favor of Plaintiff AMBIMJB, LLC ("AMBI") on its breach of contract claim and denied SAC's cross-motion for summary judgment on AMBI's unjust enrichment claim. (*See* ECF Nos. 55, 56.) AMBI then voluntarily dismissed its unjust enrichment claim (ECF No. 71), leading this Court to enter judgment on the breach of contract claim and close this case. (ECF No. 74.) Subsequently, AMBI filed a Motion for Attorney Fees and Prejudgment Interest seeking $125,342.47 in prejudgment interest and approximately $233,000 in attorney's fees and costs.[1] (*See* ECF Nos. 75 at 3, 78 at 18.) While "SAC does not challenge AMBI's right to pre-judgment interest[,]" it opposes any award of attorney's fees and costs or, alternatively, believes that any award of fees and costs should be of an amount significantly lower than that requested by AMBI.

---

[1] AMBI's Local Rule 109.2.b Memorandum requested $233,067.66 in fees and costs as well as "any [additional] attorneys' fees and costs incurred between now and the entry of final judgment." (ECF No. 78 at 18.)

1

(*See* ECF No. 76 at 2 n.1.) For the following reasons, AMBI's Motion for Attorney Fees and Prejudgment Interest (ECF No. 75.) shall be GRANTED in part and DENIED in part.

## I. Background

The background of this matter is more fully set out in the Court's prior Memorandum resolving the Cross-motions for Summary Judgment. (*See* ECF No. 55 at 2–4.) In brief, it involves a dispute regarding the sale of the Brown Patent from AMBI to SAC for a contract price $2.5 million dollars as set forth in the Agreement. (*Id.*) After timely paying $1.4 million of the sales price, SAC ultimately refused to pay the remaining sums owed to AMBI. (*Id.*) Seeking full payment, AMBI filed suit for breach of contract and unjust enrichment, the latter claim relating to work done by AMBI subsequent to the sale of the Brown Patent. (*Id.*) In response, SAC filed a number of Counterclaims seeking rescission of the Agreement and return of the $1.4 million it had paid to AMBI. (*Id.*) These Counterclaims included a claim that the Brown Patent was invalid and that, therefore, the Agreement was void *ab initio* for want of consideration. (ECF No. 7 at ¶¶ 46–52.) The Court ultimately granted summary judgment in favor of AMBI on its breach of contract claim and on all of SAC's Counterclaims. (*Id.*; ECF No. 56.) AMBI later voluntarily dismissed its claim for unjust enrichment. (ECF No. 74.) It then moved for an award of attorney fees and prejudgment interest. (ECF No. 75.)

## II. Legal Standard and Analysis

AMBI seeks an award of fees under 35 U.S.C. § 285 which "authorizes a district court to award attorney's fees in patent litigation." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 548 (2014). However, by its plain text, § 285 limits fee awards to "exceptional cases[,]" which are those that "stand[] out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the

unreasonable manner in which the case was litigated." *Id.* at 554. As threshold arguments, SAC contests AMBI's entitlement to fees on two grounds. First, it argues that this case does not implicate § 285 at all because it does not constitute patent litigation but rather "arises out of common law breach of contract and unjust enrichment claims." (*See* ECF No. 76 at 4.) Second, and alternatively, it argues that this is not the sort of "exceptional case" where § 285 permits a fee award. (*Id.* at 6.) While the Court concludes that § 285 is applicable to at least some portion of this case, it agrees with SAC that those aspects of this litigation are not exceptional in the manner contemplated by § 285. Accordingly, no fees shall be awarded.

## I.    *Applicability of 35 U.S.C. § 285*

The Federal Circuit has explained that "[a]ttorney fees under section 285 may be awarded for time incurred in the litigation of legitimate patent claims" and that "[i]t matters not whether those rights arise in a patent suit or in [another] action." *Interspiro USA v. Figgie Intern. Inc*, 18 F.3d 927, 933 (Fed. Cir. 1994). For purposes of triggering § 285, "[a] claim arises under the patent laws if the right to relief 'will be defeated by one construction, or sustained by the opposite construction of the patent laws.'" *Id.* (citation omitted).

In addition, where an action raises both patent and non-patent issues, the non-patent issues may be "so intertwined with the patent issues as to make section 285 applicable to the case in its entirety." *Id.*; *see also Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1564 (Fed. Cir. 1983). In determining whether § 285 applies to the entirety of a hybrid case, a court should consider whether "the evidence would, in large part, be material to both types of issues." *Stickle*, 716 F.2d at 1564. Applying these principles to the present case confirms that Count V of SAC's Counterclaims falls within the scope of 35 U.S.C. § 285, but that the patent issues are not so intertwined as to make §

3

285 applicable to the entirety of this case. *See id.* (holding that a fee award could not extend to a claim that was "wholly separate and separable [ ] from the patent issues").

### *A. Count V*

SAC's right to relief in Count V would plainly "be defeated by one construction, or sustained by the opposite construction of the patent laws" and is accordingly within the scope of 35 U.S.C. § 285. *Interspiro*, 18 F.3d at 933. Specifically, Count V asserted that "each and every claim of the Patent is invalid under 35 U.S.C. §§ 102 and/or 103" and that "[a]s a result of the Patent being invalid, AMBI failed to provide SAC with any consideration for the Agreement." (*See* ECF No. 1-10 at ¶¶ 49, 51.) While the relief sought by this claim (rescission of the Agreement) was not patent-related, it necessarily depended on a determination that the Brown Patent was invalid. As such, it arose under the patent laws and falls within the ambit of claims where fees may be awarded under 35 U.S.C. § 285. *See Gjerlov v. Schuyler Laby's, Inc.*, 131 F.3d 1016, 1024 (Fed. Cir. 1997) (concluding that contract claim was "clearly" intertwined with patent claims where "finding breach of the [contract] was dependent upon finding infringement of the patent").

### *B. Remaining Claims*

Conversely, the remaining claims are not "so intertwined with the patent issues" such that fees may be awarded under 35 U.S.C. § 285. *Interspiro*, 18 F.3d at 933. Indeed, AMBI's initial Complaint did not raise patent issues at all, showing their "right to relief" did not turn on questions of patent law, but rather on the interpretation of the Agreement and whether SAC was unjustly enriched by AMBI's post-sale engineering work. (*See generally* ECF No. 42.) The same can be

4

said of the SAC's other counterclaims which raised conventional contract issues such as mistake and warranty. (*See* ECF No. 7.)

Consideration of whether "the evidence would, in large part, be material to both types of issue" further confirms that the remainder of this case was not inextricably intertwined with the patent issues raised in Counterclaim V. *Stickle*, 716 F.2d at 1564. AMBI's primary claim, for breach of contract, required only the Agreement as evidence, given that the Court concluded that there was "no language within the four corners of the Agreement that is ambiguous, much less sufficiently ambiguous to [require consideration of extrinsic evidence]." (ECF No. 55 at 6.) Although AMBI's unjust enrichment claim and SAC's other Counterclaims required evidence beyond the text of the Agreement, they similarly did not require evidence regarding the validity of the Brown Patent. Specifically, the remaining Counterclaims focused on SAC's post-sale efforts to integrate the Brown Patent into its existing rifles as well as (1) whether SAC was able to successfully integrate the Brown Patent and (2) whether a failure to commercially integrate the Brown Patent warranted recission of the contract under various theories such as mistake, frustration of purpose, and implied warranty. (*Id.* at 8–14.) The success of AMBI's unjust enrichment claim similarly turned on whether the Agreement included payment for Mr. Brown's engineering services or if SAC sought that benefit independently of the purchase of the Brown Patent. (*See id.* at 20–22.) Neither party argued that the resolution of these various claims turned on the validity of the Brown Patent. Rather, these claims provided a wholly independent reason for potential rescission of the Agreement.

AMBI points out, however, that its breach of contract claim is intertwined with the patent counterclaim because "[AMBI's] eventual right to relief was dependent on the resolution of a substantial question of federal patent law, to wit: Whether the Brown Patent was invalid as a matter

5

of law under both 35 U.S.C. § 102 and 35 U.S.C. § 103." (ECF No. 77 at 2.) Essentially, AMBI argues that although the evidence supporting each claim is wholly separable, its contract claim remains sufficiently intertwined with SAC's patent counterclaim to fall within 35 U.S.C. § 285 because, had that counterclaim succeeded, AMBI's contract claim would have necessarily failed. While this argument is intuitively appealing, the Court concludes that the Federal Circuit authorities interpreting the scope of § 285 militate against the conclusion that fees can be awarded for this sort of contingent claim. *See Building Inno. Indus., L.L.C. v. Onken*, 473 F. Supp. 2d 978, 985 (D. Ariz. 2007) (describing this circumstance as a "closer question" with regards to the applicability of § 285).

Those authorities explain that "[w]hen an action embraces both patent and non-patent claims, no fees under section 285 can be awarded for time incurred in litigation of the non-patent issues." *Gjerlov*, 131 F.3d at 1025 (quoting *Machinery Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 475 (Fed. Cir. 1985)). While the Federal Circuit has awarded fees under § 285 for non-patent claims, it has done so in circumstances where the "claim [ ] hinged on the application of patent law." *Building Inno. Indus.*, 473 F. Supp. 2d at 985. In contrast, in *Gjerlov*, the Federal Circuit concluded that where "breach of the Agreement does not *require* infringement of [a] patent . . . the non-patent issues [were] not 'so intertwined with the patent issues' to make section 285 applicable." 131 F.3d at 1025 (emphasis added) (quoting *Interspiro*, 18 F.3d at 933). So too here, where AMBI was not required to affirmatively prove the validity of the Brown Patent as part of its breach of contract claim. Further, once SAC had disputed the validity of the Brown Patent, proving its validity became a necessary, but not sufficient, condition for proving a breach of the Agreement. *Cf. Insterspiro*, 18 F.3d at 933 (affirming fee award where "the central issue whether [defendant] breached the agreement . . . turns on whether the E-Z Flo infringes the '145 patent").

6

In both cases, the patent questions remained separate and separable from those directly pertinent to AMBI's breach of contract claim. The costs incurred litigating the additional, non-patent aspects of the breach of contract claim (such as the scope of the contract) is thus "time incurred in litigation of non-patent issues" for which no fees can be awarded. *Gjerlov*, 131 F.3d at 1025.

## *II.   Exceptional Case*

The applicability of § 285 to various aspects of this case is largely academic, however, as to the extent that § 285 is facially applicable, the Court would decline to award fees as this is not an "exceptional case." 35 U.S.C. § 285 ("The Court in exceptional cases may award reasonable attorney fees to the prevailing party."). As noted, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. While "there is no precise rule or formula for making these determinations[,]" courts should consider factors including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* and n.6. Fees under § 285 "are not to be used 'as a penalty for failure to win a patent [ ] suit." *Checkpoint Sys., Inc. v. All-Tag Security S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (quoting *Octane Fitness*, 572 U.S. at 548). Rather, "[t]he exercise of discretion in favor of awarding attorney fees should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees." *Id.* (citation omitted). AMBI argues that the patent issues in this case are exceptional for two reasons: (1) SAC's failure to conduct the due diligence necessary to identify the weakness of its claims

prior to litigating this case; and (2) SAC's conduct in litigating this case. (*See* ECF No. 75 at 5–8.) Neither of these aspects renders this case sufficiently exceptional to justify an award of fees under § 285.

### A. *Strength of Litigating Positions*

The premise of AMBI's first argument is that SAC's litigating position regarding the validity of the Brown Patent was so weak that, had SAC conducted reasonable diligence, it would not have raised this counterclaim at all.[2] (ECF No. 75 at 5); *see also Oxy Metal Indus. Corp. v. Roper Corp.*, 579 F. Supp. 664, 682–83 (D. Md. 1984) ("Proper bases for an award under section 285 include . . . the assertion of sham or frivolous defenses that increase significantly the patent holder's legal expenses through unduly protracted litigation."). The thrust of SAC's argument was that the invention described in the Brown Patent was obvious, and therefore not patentable. Though the Court ultimately ruled against SAC on this counterclaim at summary judgment, it does not conclude that the counterclaim was so fundamentally frivolous as to support a fee award under § 285. *See ATEN Int. Co., Ltd. v. Uniclass Tech. Co., Ltd.*, 932 F.3d 1371, 1374 (Fed. Cir. 2019) (quoting *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015)) (cleaned up) ("Though ATEN's lost profits theory was not strong enough to withstand summary judgment, 'a party's position ultimately need not be correct for them not to stand out.'").

SAC failed to create a dispute of material fact as to the obviousness of the Brown Patent for two reasons. The first was procedural: the report submitted by SAC's expert (the "Lauck Report") was unsigned and therefore inadmissible at summary judgment. (*See* ECF No. 55 at 14–15 (quoting *Solis v. Prince George's Cnty.*, 153 F. Supp. 2d 793, 798 (D. Md. 2001)) ("[I]it is well

---

[2] AMBI also suggests that due diligence would have further revealed flaws related to "each and every counterclaim asserted against Plaintiff." (ECF No. 75 at 7.) As the Court has determined that the § 285 inquiry is limited to the invalidity counterclaim, it will not discuss the substantive strength of SAC's other claims in determining whether fees are appropriate.

8

established that unsworn, unauthenticated documents cannot be considered on a motion for summary judgment.").

The second was substantive and, while SAC's argument failed on the merits, it was not plainly frivolous. The Brown Patent described a "a gas piston system [for use in firearms] that allows excess gas pressure to be vented in a forward direction." (*See* ECF No. 43-4 at 9.) The Lauck Report detailed the history of such systems and established that "gas piston systems are commonly used in a variety of firearms, and have been for several decades." (*See* ECF No. 55 at 19 (citing ECF No. 49-8 at 12–13).) While these circumstances are suggestive of obviousness, the Lauck Report ultimately failed to connect the ubiquity of gas piston systems with the unique features of the Brown Patent. (*Id.*) Rather, it rested on the conclusory assertion that "piston drive operation, with forward (and adjustable) gas exhaust, with simple disassembly and cleaning has been in use years prior to 2016." (*Id.* (quoting ECF No. 49-8 at 19.)

This failure of proof is not the sort of baseless or self-defeating argument that justifies an award of fees under § 285. *Cf. AdjustaCam, LLC v. Newegg, Inc.*, 861 F.3d 1353, 1360 (Fed. Cir. 2017) (finding fee award justified where "the evidence proffered by [plaintiff] showed that [plaintiff's] lawsuit was baseless."). Rather, it is a case where "[a]lthough some of the defendant's arguments may be strained, this Court will not award attorney fees to the plaintiff." *Oxy Metal*, 579 F. Supp. at 683; *see also ATEN Intern.*, 932 F.3d at 1374 (affirming denial of fee award where there were "shortcomings in [defendant's] positions that did not amount to a showing that

9

[defendant's] behavior was exceptional, amounting to the type of unreasonableness discussed in *Octane*.").

### B. Litigation Conduct

AMBI also argues that SAC's litigation conduct warrants a fee award under § 285. (ECF No. 75 at 8–9.) In support of this argument, it identifies several instances during discovery where SAC failed to timely produce witnesses and evidence or attempted to rely on inadmissible evidence. (*Id.*) Notably, AMBI did not previously argue that these particular circumstances justified fee-shifting. Rather, it consistently requested more limited, merits-focused remedies such as extensions of discovery or the striking of untimely evidence. (*See* ECF Nos. 27, 41.) The Court does not find that these discovery issues, individually or collectively, now warrant fee-shifting in this case.

While litigation conduct need not be "independently sanctionable" to trigger § 285, it must "nonetheless [be] so exceptional as to justify an award of fees." *Octane Fitness*, 572 U.S. at 555. This sort of exceptional circumstance is generally "bottomed upon a finding of unfairness or bad faith in the conduct of the losing party," *Checkpoint Sys.*, 858 F.3d at 1376, such as "insistence on trying [a case that] was largely a charade." *Eko Brands, LLC v. Adrian Rivera Maynez Enter., Inc.*, 946 F.3d 1367, 1376 (Fed. Cir. 2020). Here, while SAC may have erred in discovery, there is no suggestion that these errors were in bad faith or for the sole purpose of protracting baseless litigation. *See Stone Basket Inno., LLC v. Cook Med. LLC*, 892 F.3d 1175, 1182 (Fed. Cir. 2018) (affirming decision not to award fees "where there is no indication of willful ignorance or failure to assess the soundness of pending claims by [the losing party]"). Absent indicia of gamesmanship or bad faith, the Court cannot conclude that SAC's litigation conduct is sufficiently exceptional to warrant a fee award. *Checkpoint Sys.*, 858 F.3d at 1376 (quoting *Octane Fitness*, 572 U.S. at 548)

("The [Supreme] Court has cautioned that fee awards are not to be used 'as a penalty for failure to win a patent [ ] suit.'").

In sum, neither the weakness of SAC's case nor its conduct in litigating that case are sufficiently exceptional—taken independently or together—to warrant a fee award under § 285. While it ultimately failed to develop sufficient evidence to support its invalidity counterclaim, this argument was not so weak as to be baseless or frivolous. *See Octane Fitness*, 572 U.S. at 554 n.6; *see also AdjustaCam*, 861 F.3d at 1360–61. Similarly, while its discovery practice delayed the resolution of this case, there is no evidence that these delays were tactical or intended to prolong unnecessary litigation. This case was simply not one that "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. Accordingly, the Court declines to award fees under 35 U.S.C. § 285.

### III. Conclusion

For the foregoing reasons, an Order shall issue granting in part and denying in part Plaintiff's Motion for Attorney Fees and Prejudgment Interest. (ECF No. 75).

DATED this 22 of February, 2022.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
Chief Judge